UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HIGH & MIGHTY CONSTRUCTION, INCORPORATED, <br><br> Defendant. | Case No. C07-1682-JPD <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION AND SUMMARY CONCLUSION

The employees' trust funds of Locals 302 and 612 of the International Union of Operating engineers ("plaintiffs") bring this suit to recover contributions, dues and attendant amounts which it claims defendant is bound to pay under its Labor Agreement with plaintiffs. *See* Dkt. No. 1. Plaintiffs make the following allegations: (1) defendant agreed to the payment of employee benefit contributions for its employees who perform bargaining unit work; (2) in doing so, defendant also agreed to pay liquidated damages, interest, attorney's fees and costs for all of its unpaid contributions; and (3) for the employment period of July 2007 and October 2007, defendant failed to promptly pay to plaintiffs all amounts due them.

The present matter comes before the Court on plaintiffs' Motion for Summary Judgment. Dkt. No. 19. Because defendant has failed to respond to this motion, it is treated as uncontested motion pursuant to Local Rule CR 7(b)(2). After careful consideration of the motion, governing law, and the balance of the record, the Court GRANTS plaintiffs' motion.

## II.   FACTS AND PROCEDURAL HISTORY

This is a contract case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f). On October 16, 2007, plaintiffs filed a complaint to collect trust funds, union dues, and attendant late fees and penalties. Dkt. No. 1. The complaint alleges that defendant is bound to a collective bargaining agreement with Local 612 of the International Union of Operating Engineers, and that defendant failed to pay its contributions and dues to plaintiffs for the employment period of July 2007 and October 2007.

On November 28, 2007, plaintiffs' complaint was served upon defendant (Dkt. No. 4), and on December 18, 2007, defendant filed an answer to plaintiffs' complaint. Dkt. No. 9. Defendant admits all of plaintiffs' factual allegations, except for two which defendant denies due to insufficient knowledge as to the truth or falsity of the allegations. Dkt. No. 9 at 2. On April 3, 2008, plaintiffs filed a motion for summary judgment arguing that the facts of its bargaining agreement with defendant are undisputed, and that defendant is therefore indebted to plaintiffs for all their requested remedies. Dkt. No. 19.

Defendant filed no opposition to plaintiffs' motion. On the same day that plaintiff filed this motion, defendant's attorney moved to withdraw as counsel. Dkt. No. 23. On May 8, 2008, the Court denied defense counsel's motion to withdraw for failure to meet the requirements of Local Rule GR 2(g)(4)(B). Dkt. No. 25.

## III.   JURISDICTION

Pursuant to 28 U.S.C. § 636(c), the parties have consented to having this matter heard by the undersigned Magistrate Judge. This Court has exclusive jurisdiction over the subject matter of this action pursuant to Section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1)

and (f) and under Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a).  Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the plaintiff trusts are administered in this district.

## IV.  DISCUSSION

### A.  Federal Rule of Civil Procedure 56

Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

### B.  Plaintiffs' Motion for Summary Judgment

Here, plaintiffs filed a detailed motion supported by admissible and competent evidence establishing that defendant owes plaintiffs $3,424.11 including interest and penalties. Dkt. No. 21, Exs. F and G.  Plaintiffs' summary judgment papers satisfy the burden of Rule 56(c) by establishing that the nonmovant has failed to present a genuine issue as to any material fact.  This failure of proof "renders all other facts immaterial," and thereby entitles plaintiffs to summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

As outlined in plaintiffs' motion, defendant is bound to a collective bargaining agreement with Local 612 of the International Union of Operating Engineers, under which defendant is required to promptly and fully report for and pay monthly contributions to plaintiffs.  In the collective bargaining agreement, defendant accepted plaintiffs' Agreements and Declarations of Trust in which it agreed to pay liquidated damages and interest on all

delinquent contributions, as well as attorney's fees and costs that plaintiffs incur in the collection of defendant's unpaid obligations. For the employment periods of July 2007 and October 2007, according to the undisputed evidence, defendant failed to pay its contributions. Defendant is therefore obligated to plaintiffs for contributions, dues, liquidated damages, and interest in the amount of $1,356.31 (Dkt. No. 21, Ex. F), as well as attorney's fees and costs in the amount of $2,067.80. Dkt. No. 21, Ex. G.

Plaintiffs' brief was supported by the collective bargaining agreement between the parties (Dkt. No. 21, Ex. A), the various trust agreements (Dkt. No. 21, Exs. B, C, and D), a remittance report from defendant in which defendant acknowledges its outstanding payments (Dkt. No. 21, Ex. E) from the months of July 2007 and October 2007, and other documents verifying the amount of overdue contributions, liquidated damages and interest, attorney's fees, and costs incurred (Dkt. No. 21, Exs. F and G).

### C. Defendant's Failure to Reply

Defendant has failed to respond to plaintiffs' motion. Under Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Furthermore, by neglecting to respond to the arguments made in plaintiffs' motion, defendant has failed to meet its burden of moving beyond the pleadings to, in the words of the rule, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). As a result, plaintiffs' motion should be granted.

## V.  CONCLUSION

For the foregoing reasons, the Court ORDERS that plaintiffs' Motion for Summary Judgment (Dkt. No. 19) be GRANTED. Plaintiffs are awarded the sum of $1,356.31 for contributions, dues, liquidated damages, and interest. Plaintiffs are also awarded the sum of

01 $2,067.80 for attorney's fees and costs.  The Clerk of Court is directed to furnish a copy of

02 this order to the parties.

03       DATED this 17th day of June, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE – 5